**No. 2026-1575**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

MEGAN JACKLER, BRANDON JAROCH,

Petitioners,

v.

DEPARTMENT OF JUSTICE, DIRECTOR OF THE OFFICE OF
PERSONNEL MANAGEMENT,

Respondents.

---

On Petition for Review from the
Merit Systems Protection Board in No. CF-0752-26-0069-I-1.

---

**OPPOSITION TO PETITION FOR INITIAL HEARING EN BANC**

---

BRETT A. SHUMATE
  *Assistant Attorney General*

DANIEL AGUILAR
  *Attorney, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5432*

## TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................1

CONCLUSION ................................................................................. 3

CERTIFICATES OF COMPLIANCE AND SERVICE

# TABLE OF AUTHORITIES

**Cases:** **Page**

*Consumers' Research v. CPSC,*
  91 F.4th 342 (5th Cir. 2024) ................................................ 2

*Decker Coal Co. v. Pehringer,*
  8 F.4th 1123 (9th Cir. 2021) ................................................ 2

*Dellinger v. Bessent,*
  2025 WL 887518 (D.C. Cir. Mar. 10, 2025) ............................... 2

*Free Enterprise Fund v. Public Company Accounting Oversight Board,*
  537 F.3d 667 (D.C. Cir. 2008) .............................................. 2
  561 U.S. 477 (2010)............................................................ 2

*Harris v. Bessent,*
  2025 WL 1033740 (D.C. Cir. Apr. 7, 2025) .............................. 1

*Harris v. Bessent,*
  160 F.4th 1235 (D.C. Cir. 2025) ........................................... 1

*Harris v. Bessent,*
  2026 WL 88114 (D.C. Cir. Jan. 9, 2026) ................................. 1

*Jarkesy v. SEC,*
  34 F.4th 446 (5th Cir. 2022) ............................................... 1

*Kaufmann v. Kijakazi,*
  32 F.4th 843 (9th Cir. 2022) ............................................... 2

*Leachco, Inc. v. CPSC,*
  103 F.4th 748 (10th Cir. 2024) ............................................ 2

*Rabadi v. DEA,*
  122 F.4th 371 (9th Cir. 2024) ............................................. 2

*Rodriguez v. SSA,*
  118 F.4th 1302 (11th Cir. 2024) .......................................... 2

*Space Exploration Technologies Corp. v. NLRB,*
  151 F.4th 761 (5th Cir. 2025) ...................................................... 2

*Walmart, Inc. v. Chief Administrative Law Judge,*
  144 F.4th 1315 (11th Cir. 2025) ................................................ 2

*Wilcox v. Trump,*
  2026 WL 246902 (D.C. Cir. Jan. 28, 2026) ............................... 1

## ARGUMENT

The Department of Justice and the Director of the Office of Personnel Management oppose initial hearing en banc.

Petitioners are correct that this case presents an important question concerning the constitutionality of removal restrictions for officers within the Executive Branch. But important questions are regularly considered by 3-judge panels, with en banc consideration appropriate in only a limited subset of cases. A D.C. Circuit panel, for instance, recently heard and issued a decision regarding the constitutionality of removal restrictions for certain principal executive officers, members of the National Labor Relations Board and the Merit Systems Protection Board. *Harris v. Bessent*, 160 F.4th 1235 (D.C. Cir. 2025). In the course of doing so, the D.C. Circuit denied petitions for initial hearing en banc, *Harris v. Bessent*, 2025 WL 1033740 (D.C. Cir. Apr. 7, 2025), and for rehearing en banc, *Harris v. Bessent*, 2026 WL 88114 (D.C. Cir. Jan. 9, 2026); *Wilcox v. Trump*, 2026 WL 246902 (D.C. Cir. Jan. 28, 2026).

Other courts of appeals, too, have ruled upon the constitutionality of removal restrictions for executive officers without first invoking the resource-intensive process of en banc consideration. *See, e.g.*, *Jarkesy v. SEC*, 34 F.4th 446, 449-50 (5th Cir. 2022) (removal restrictions for

administrative law judges); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1130-36 (9th Cir. 2021) (same); *Rabadi v. DEA*, 122 F.4th 371, 374-76 (9th Cir. 2024) (same); *Walmart, Inc. v. Chief Administrative Law Judge*, 144 F.4th 1315, 1342-48 (11th Cir. 2025) (same); *Consumers' Research v. CPSC*, 91 F.4th 342, 351-56 (5th Cir. 2024) (removal restrictions for Consumer Product Safety Commission); *Leachco, Inc. v. CPSC*, 103 F.4th 748, 760-63 (10th Cir. 2024) (same); *Kaufmann v. Kijakazi*, 32 F.4th 843, 847-49 (9th Cir. 2022) (removal restrictions for Social Security Commissioner); *Rodriguez v. SSA*, 118 F.4th 1302, 1313-14 (11th Cir. 2024) (same); *Space Exploration Technologies Corp. v. NLRB*, 151 F.4th 761, 775-78 (5th Cir. 2025) (removal restrictions for National Labor Relations Board); *Dellinger v. Bessent*, 2025 WL 887518, at *1-3 (D.C. Cir. Mar. 10, 2025) (removal restrictions for the Office of Special Counsel); *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 537 F.3d 667, 678-84 (D.C. Cir. 2008) (removal restrictions for Public Company Accounting Oversight Board), *rev'd* 561 U.S. 477 (2010).

This case, too, can be appropriately resolved by a panel hearing, with further review later if warranted.

## CONCLUSION

The petition for initial hearing en banc should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

 */s/ Daniel Aguilar*
DANIEL AGUILAR
  *Attorney, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5432*
  *Daniel.J.Aguilar@usdoj.gov*

May 2026

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word limit of Fed. R. App. P. 40(d)(3) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 399 words.  I further certify that this response complies with Fed. R. App. P. 32(a)(5)-(6), because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

*/s/ Daniel Aguilar*
Daniel Aguilar


**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I electronically filed the foregoing response with the Clerk of the Court by using the appellate CM/ECF system.  I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
Daniel Aguilar