**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

Megan Jackler, Brandon Jaroch,

Petitioners,

v.

Merit Systems Protection Board,

Respondent.

No. 2026-1575

**CONSENT MOTION FOR INTERVENTION BY
THE DEPARTMENT OF JUSTICE**

The Department of Justice respectfully moves to intervene in this petition for review because the Department served as petitioners' employing agency and the petition concerns the Attorney General's constitutional authority to remove inferior officers within the Department. Counsel for petitioners and for the Merit Systems Protection Board consent to the requested intervention.

1.    This is a petition for review from a final decision of the Merit Systems Protection Board issued on March 20, 2026.   The case concerns two immigration judges, Megan Jackler and Brandon Jaroch, who challenged their removal by the Attorney General and currently seek this

Court's review.   The Court initially captioned the case with respondents being the Department of Justice (petitioners' employing agency) and the Director of the Office of Personnel Management (who had intervened in the Board proceedings).

2.   On June 23, 2026, the Court revised the caption to remove the Department of Justice and the Director as respondents, and to list the Board as the sole respondent.   The Department now moves for intervention.

3.   Although the Board has been named as a respondent under 5 U.S.C. § 7703(a)(2), the primary issue on appeal relates directly to the Attorney General's authority to remove petitioners at will from their offices. The relief that petitioners seek—a holding that Congress can constitutionally restrict the Attorney General's removal authority over immigration judges who serve as inferior officers—directly affects the Department of Justice.   When "both" the Board's "jurisdiction is involved" and "the underlying merits are involved," then "the employing agency" is "the proper respondent."   *Spruill v. MSPB*, 978 F.2d 679, 684 (Fed. Cir. 1992).   But for purposes of briefing and argument, it is not necessary for the Court to resolve at this interim stage which agency is the proper

respondent, because intervention will allow the Court to consider the Department of Justice's arguments on the merits.

4.  Intervention here would also be consistent with this Court's usual practice of permitting federal agencies to remain in cases as an intervenor where the Board is named as the respondent.  *See, e.g.*, *Conklin v. MSPB*, 164 F.4th 1367, 1370 (Fed. Cir. 2026) ("The agency moved to intervene and to have to have the case recaptioned to designate the Board as respondent, and we granted the motion."); *Holland v. MSPB*, 796 F. Appx' 1018, 1018-19 (Fed. Cir. 2020) (Department of Justice participating as intervenor); *Bell v. MSPB*, 607 F. App'x 987, 988 (Fed. Cir. 2015) (same); *Jones v. MSPB*, 597 F. App'x 1083, 1083 (Fed. Cir. 2015) (same).

5.  Counsel for petitioners and the Board consent to the requested intervention.

6.  Accordingly, we respectfully request that the Department of Justice remain in the case as an intervenor.

Respectfully submitted,

BRETT A. SHUMATE
 *Assistant Attorney General*

*/s/ Daniel Aguilar*
DANIEL AGUILAR
(202) 514-5432
*Attorney, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC   20530*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 443 words.

*/s/ Daniel Aguilar*
Daniel Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.   I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
Daniel Aguilar